IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**EDDIE RAY JAMES, JR.,**         :
                                  :
    Petitioner,                  :
                                  :
vs.                               :
                                  :   CIVIL ACTION ~~05-0417-CB-B~~
                                  :
**WARDEN JERRY FERRELL AND**      :   2:05cv957-D
**COVINGTON COUNTY,**             :
                                  :
    Respondents.                 :

### REPORT AND RECOMMENDATION

This action, filed pursuant to 28 U.S.C. § 2254 by pro se Petitioner Eddie Ray James, Jr., has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2, and the standing order of general reference.

Petitioner, an inmate at Fountain Correctional Facility, is challenging the constitutionality of his conviction for distribution of a controlled substance rendered in the Circuit Court of Covington County, Alabama (Doc. 1, pgs. 2-3). Covington County is located within in the Middle District of Alabama. Pursuant to 28 U.S.C. § 2241, an application for habeas corpus relief may be filed in the district court for the district wherein such person is in custody or in the district court for the district wherein the petitioner was convicted and sentenced.  Since Petitioner was convicted in Covington County,

which is located within the Middle District of Alabama, the Middle District is the more convenient forum because of the accessibility of the record and evidence. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493-500, 93 S.Ct. 1123, 1128-1132, 35 L.Ed.2d 443 (1973)("Congress explicitly recognized the substantial advantages of having these cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy."); Byrd v. Martin, 754 F.2d 963, 965 (11th Cir. 1985); Williams v. Thomas, 1999 U.S. Dist. LEXIS 15438 (S.D. Ala., September 1999). Accordingly, it is **RECOMMENDED** that this case be transferred to the Middle District of Alabama.

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **19th day** of **July, 2005**.

/s/ SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. Objection. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. Transcript (applicable where proceedings tape recorded). Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **19th day** of **July, 2005**.

/s/ SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE