IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDDIE RAY JAMES, JR., <br> # 186013, <br><br> PETITIONER, <br><br> vs. <br><br> WARDEN JERRY FERRELL, <br> et al., <br><br> RESPONDENTS. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 2:05-CV-957-D <br> ) <br> ) <br> ) <br> ) <br> ) |

## ANSWER OF RESPONDENTS

Come now the Respondents, by and through the Attorney General for the State of Alabama, and, in response to this Honorable Court's October 20, 2005 order, hereby deny that the Petitioner, Eddie Ray James, Jr., is entitled to any relief whatsoever under the federal writ of habeas corpus.

By his July 5, 2005 petition presently before this Court, James attacks his November 24, 2004 Covington County Circuit Court conviction on the charge of unlawful distribution of a controlled substance. Petition p. 2-3. Without waiving any other future argument in response to the claims in James's petition, it is respectfully submitted that the petition should be dismissed because James is currently challenging this conviction in his pending direct appeal in the Alabama

1

Court of Criminal Appeals, <u>Eddie Ray James v. State</u>, CR-04-0941 (Ala. Crim. App.). A brief procedural background and argument related to this issue follow.[1]

## PROCEDURAL BACKGROUND

1. On November 24, 2004, following a jury trial in Covington County Circuit Court, James was convicted on the charge of unlawful distribution of a controlled substance (cocaine), a violation of Alabama Code (1975) § 13A-12-211. Petition 3. The trial court sentenced James to thirty years' imprisonment. Petition 3. James appealed to the Alabama Court of Criminal Appeals, thereby challenging the trial court's refusal to dismiss his charge on the ground of untimeliness under the Interstate Agreement on Detainers ("IAD"), which was adopted by the State of Alabama and codified in Alabama Code (1975) § 15-9-81. Exhibits 1, 2. James, through counsel, filed his Appellant's Brief in the Alabama Court of Criminal Appeals on or about October 1, 2005, and the State filed its Appellee's Brief in that court on October 27, 2005, in <u>Eddie Ray James v. State</u>, CR-04-0941 (Ala. Crim. App.). Exhibits 1, 2. The Alabama Court of Criminal Appeals has not yet disposed of the appeal, and it is still pending before that court.

---

[1] This petition appears to be timely filed under 28 U.S.C. § 2244 (d)(1). The entire transcript of this case is available for the Court's review, but is not submitted at this time due to the nature of the issue at hand.

2. In his petition before this Court, James argues various claims which appear to center on his "denial of right of appeal" and a purported violation of the IAD. Petition 7-9.

## ARGUMENT

### James's Petition Should Be Dismissed Because He Is Currently Litigating His Direct Appeal In State Court.

3. James has improperly attempted to obtain federal habeas relief while he is still seeking relief on direct appeal in the Alabama state court system. A petitioner seeking the issuance of a federal writ of habeas corpus must first exhaust his state law remedies. Title 28 U.S.C. § 2254 (b) (1) (A), (B)(i) and (ii) specifically provide that the petitioner seeking a federal writ of habeas corpus must have first exhausted his state law remedies unless there was an absence of state remedies available:

> "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. The exhaustion doctrine, first announced in Ex parte Royall, 117 U.S. 241, 6 S. Ct. 734, 29 L. Ed. 868 (1886), is now codified at 28 U.S.C. § 2254(b)(1) (1994 ed., Supp. III)."

O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731, 144 L. Ed. 2d 1 (1999).

4. A petitioner such as James "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if

3

he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254 (c). See also Heath v. Jones, 863 F.2d 815, 818 (11th Cir. 1989); Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) (complete exhaustion of state remedies required).

5. In Horowitz v. Wainwright, 709 F.2d 1403 (11th Cir. 1983), the Eleventh Circuit Court of Appeals affirmed the dismissal of the petitioners' habeas corpus petitions because their appeal in the Florida District Court of Appeal was still pending:

> "The principles of comity that form the basis for the exhaustion requirement clearly would be violated by allowing the petitioners to simultaneously pursue their appeal in Florida state court and their Section 2254 petitions in federal court."

709 F. 2d 1403, 1404.

6. In the instant case, because James is currently attacking his conviction in state court on direct appeal, the principles of federalism and comity, as codified in the exhaustion requirements of 28 U.S.C. 2254, require that James's petition for a federal writ of habeas corpus be dismissed.

4

## CONCLUSION

Based upon the foregoing, James's petition seeking a writ of habeas corpus regarding his Covington County Circuit Court conviction is due to be dismissed.

Respectfully submitted,

Troy King(KIN047)
Attorney General
By:


/s/Marc A. Starrett
Marc A. Starrett
Assistant Attorney General
ID #STARM1168

## **EXHIBITS**

EXHIBIT 1: James's Appellant's Brief filed on or about October 1, 2005, <u>Eddie Ray James v. State</u>, CR-04-0941 (Ala. Crim. App.).

EXHIBIT 2: State of Alabama's Appellee's Brief filed on October 27, 2005, <u>Eddie Ray James v. State</u>, CR-04-0941 (Ala. Crim. App.).

## CERTIFICATE OF SERVICE

I hereby certify that on this the 3rd day of November, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

    Eddie Ray James, AIS #186013
    Fountain Correctional Facility
    Fountain 3800
    Atmore, AL 36503-3800

    /s/Marc A. Starrett
    Marc A. Starrett (STARM1168)
    Office of the Attorney General
    Alabama State House
    11 South Union
    Montgomery, AL  36130-0152
    Telephone:  (334) 242-7300
    Fax:  (334) 242-2848
    E-Mail:  MStarrett@AGO.State.Al.US

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama  36130-0152
(334) 242-7300
227486/James
86908-001