77470

10/24

CR-04-0941

Stewett

IN THE COURT OF CRIMINAL APPEALS

OF ALABAMA

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

EDDIE RAY JAMES,

APPELLANT

vs.

STATE OF ALABAMA,

APPELLEE

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

APPEAL FROM CIRCUIT COURT OF

COVINGTON COUNTY

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Brief of the Appellant Eddie Ray James

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Grady O. Lanier, III
Attorney for Appellant
205 S. Three Notch
Andalusia, AL 36420
(334) 222-9189

EXHIBIT
1

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is unnecessary in this case.  According to Alabama Rule of Appellate Procedure 34(a)(3), oral argument should not be allowed if "the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.

i

# TABLE OF CONTENTS

| | | PAGE NUMBER IN BRIEF |
|---|---|---|
| 1. | Table of Authorities | iii |
| 2. | Statement of the Case | 1-3 |
| 3. | Issues Presented for Review | 3 |
| 4. | Statement of the Facts | 3-5 |
| 5. | Statement of Standard of Review | 5 |
| 6. | Summary of Argument | 5 |
| 7. | Argument | 5-8 |
| 8. | Conclusion | 9 |
| 9. | Summary of Ruling and Actions Adverse to Appellant | 10 |
| 10. | Certificate of Service | 11 |

TABLE OF AUTHORITIES

CASES                                                          Page

Ex Parte Bozeman vs. State of Alabama,
      781 So2d 165, Ala.(2000)                                    8

Tuscaloosa County Commission v.
 Deputy Sheriff's Association
   of Tuscaloosa County, 589 So2d 687, Ala.(1991)      7


        STATUTES

Title 15-9-80 thru 15-9-88,
     Code of Alabama, 1975                                        6


Title 15-9-81, Article III,
     Code of Alabama, 1975                                        8

## STATEMENT OF THE CASE

This case is an appeal from a conviction by jury in the
Circuit Court of Covington County, Alabama of the Appellant,
Eddie Ray James, Jr., in an indictment for the charge of
Unlawful Distribution of a Controlled Substance. (Clerk's
record, hereinafter referred to as "C.R.", C.R.p.1 and
Transcript record hereinafter referred to as "R", R.p.14).

The Appellant had been indicted by a grand jury in the
September 2003 term for Unlawful Distribution of a
Controlled Substance. The Appellant was returned to Alabama
from a Florida prison on July 30, 2004.  The Appellant was
given an initial appearance on July 30, 2004(C.R.p.15) and
was appointed the undersigned lawyer on August 6, 2004.
(C.R.p. 14)

The Appellant was incarcerated in Florida on unrelated
charges.  While in Florida prison, he filed a "Motion for
order dismissing detainer" and sent the motion to the Clerk
of Covington County(C.R.p.52 and p.53) and on April 21, 2004
signed Form I "Notice of the untried indictment" with the
Warden of the correctional institution at Wakulla. (C.R.p.
4-5)  The interstate agreement on Form I was signed by the

1

Appellant on April 21, 2004 and the Warden of Wakula on April 26, 2004.(C.R.p. 5)  These documents were forwarded to the then District Attorney of Covington County by letter dated May 6, 2004 and purportedly received and filed in the Clerk's Office on June 1, 2004.(C.R.p. 3)  The Appellant filed a Motion for an Order Dismissing the Detainer against him.(C.R.p. 10-11)  This document was received by the Clerk of the Circuit Court and filed in the proper file on April 26, 2004. (C.R.p. 10-11)  The Appellant was returned to Covington County on or about, to wit: July 30, 2004. (C.R.p. 13-14)

The Appellant's case was set for trial on the 18th day of November, 2004. (R.p.1) After hearing the evidence, the jury returned a verdict of guilty of Unlawful Distribution of a Controlled Substance, as charged in the indictment. (R. p. 165 and C.R. p. 114) The Trial Court ordered a pre-sentence investigation and set the sentencing for November 24, 2004. (R.p.170 and C.R.p.114)  On that date the Trial Court imposed a sentence of thirty years in the penitentiary. (R.p.188 and C.R.p.115)

On December 21, 2004, the Appellant filed a Motion for Judgment of Acquittal notwithstanding the verdict or in the

alternative a Motion for a New Trial.(C.R.p 102) On December

27, 2004, the Trial Court set the motion for a hearing on

January 11, 2005. (C.R.p 102)  The Appellant's Motion for a

New Trial was denied on January 11, 2005. (C.R.p 102)

## STATEMENT OF THE ISSUES

**Whether the Trial Court erred in overruling and denying the
Appellant's motion to Dismiss the indictment because of the
State's failure to follow the Interstate Agreement on
Detainers.**

## STATEMENT OF THE FACTS

The State's case against the Appellant was the buy of

a controlled substance by an undercover ABC agent, Andy Lard

from the Appellant.(C.R.p.p.12,27) The ABC agent was working

in the Covington County area from February 2002 to December,

2002, mainly in the Opp and Florala areas.(C.R.p. 31-32)

Mr. Andy Lard testified that he would drive up and

down the streets through an area in Covington County and

would ask if the person there knew "where he could get a

twenty". (C.R.p. 32,33) The phrase meant twenty dollars

worth of crack cocaine or twenty dollars worth of marijuana.

(C.R.p. 33)  Agent Lard testified that he would make the

contact with someone on the street then leave the area and

put the evidence into a ziploc bag.(C.R.p. 33)

The purchases would be recorded on a video tape. (C.R.p. 34)  The individuals would be identified by Agent Bedsole; Agent Lard testified "he didn't have anything to do with that."(C.R.p.35) ABC agent Leo Bedsole testified that he took charge of the drugs and video tapes.(C.R.p 68-69) When Agent Lard made a buy, Agent Bedsole would seal the evidence, package it and take it to forensics for analysis. (C.R.p.70)  Agent Bedsole testified he was the evidence custodian.(C.R.p.70)  Bedsole testified he went to the Opp Police Department to try to identify the suspects on the video tapes and was referred to the HUD officer, Brock Gualtney.(C.R.p.72)

Agent Bedsole testified that Officer Gualtney watched the video tape of the drug buy and identified Eddie Ray James.(C.R.p.74) Officer Brock Gualtney testified that he had dealt with Mr. James or have come in contact with each other on several occasions. (C.R.p.100)  Officer Gualtney testified he had watched the video tape on May 8, 2003 at the City of Opp. (C.R.p.101)  The Appellant, Eddie Ray James testifies on his own behalf. (C.R.p.117) The Appellant denied selling drugs to this ABC agent or anybody on Hardin

4

Street. (C.R.p.120) The Appellant identified the person in the video as Glen Lane. (C.R.p.121)

STATEMENT OF STANDARD OF REVIEW

**Did the Trial Court abuse it's decretion?**

Did the Trial Court err in overruling the Appellant's Motion for a Judgment of Acquittal at the close of all the evidence?

## SUMMARY OF ARGUMENT

The Trial Court's failure to grant the Appellant's motion for judgment of acquittal after the close of the state's evidence and denying the Appellant's Motion for Judgment of Acquittal after the close of the evidence were incorrect and the case must be reversed.

## ARGUMENT

WHETHER THE COURT ERRED WHEN THE COURT DENIED THE DEFENDANT'S MOTIONS FOR JUDGMENT OF ACQUITTAL.

The Appellant argues that the interpretation of the Uniform Mandatory Disposition of Detainers Act, requires the dismissal of his case because the State of Alabama did not bring his case to trial within the 180 day requirement in the statute.

Article IV of the Uniform Mandatory Disposition of Detainers Act is found in the Code of Alabama, Title 15-9-80 thru 15-9-88 and provides under Article III:

> "Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint;"

The Court record shows that the State of Alabama was aware of the  Appellant's whereabouts in March of 2004, when the Covington County Sheriff's Office wrote the Florida Department of Corrections requesting that a detainer be placed on the Appellant.(C.R.p.49) In his defense, the Appellant sent a "Motion for Order Dismissing Detainer" (which appears to be a printed form provided by the correctional facility) to the Circuit Clerk of Covington County on or about, to wit: April 22, 2004 and it was filed in the Court system on April 26, 2004. (C.R.p.52 and p.53)

This document coupled with the prior letter sent by the Sheriff of Covington County on March 10, 2004 should be sufficient notice to any prosecutor that there is a case that needs to be tried soon and that the State of Alabama needs to make every effort to bring this defendant back for trial.

The issue that has been before the Court is one of statutory construction and has been addressed by this Court in the past.  In the <u>Ex Parte Michael Herman Bozeman</u> case, the Alabama Supreme Court addressed the question of interpreting the "Interstate Agreement on Detainers."  <u>Ex Parte Bozeman vs. State of Alabama</u>, 781 So2d 165, Ala.(2000) In Bozeman, the Supreme Court stated that "the fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute."  Id.346 citing <u>Tuscaloosa County Commission v. Deputy Sheriff's Association of Tuscaloosa County</u>, 589 So2d 687, Ala.(1991).  The Supreme Court went on to say in the Bozeman case that the purpose of the act is to protect a prisoners constitutional rights to a fair and speedy trial. Ibid,781 So2d 165, Ala.(2000)  The only way that a prisoner's constitutional rights can be protected is to

7

interpret the statute in the broadest way possible.

In this case the Appellant was indicted for the Unlawful Sale of a Controlled Substance, in September of 2003 (C.R.p.2).  Therefore an "untried indictment" was pending against the Appellant and the State was notified of the Appellant's whereabouts on April 26, 2004. (C.R.p.10 and p.11) This notice on April 26, 2004 was and should be sufficient for the Court to begin the 180 days requirement as spelled out in the "Interstate Agreement on Detainers". Therefore, in accordance with the plain language of T.15-9-81, Article III (a) the charges against the Appellant should have been dismissed.  Therefore the Trial Court erred by denying the Appellant's Motion for Judgment of Acquittal in paragraph 9. (C.R.p.102)

## CONCLUSION

For the reasons stated, Appellant requests that this Honorable Court reverse the judgment of the Trial Court, and grant such other relief as the Appellant may be entitled.

Respectfully submitted this 1st day of October, 2005.

_____
GRADY O. LANIER, III (0693-L74G)
ATTORNEY FOR APPELLANT
206 S. Three Notch
ANDALUSIA, AL 36420
(334) 222-9189

SUMMARY OF RULINGS AND ACTIONS
ADVERSE TO APPELLANT

RECORD                        SUMMARY
page No.

25          Trial Court overruled Defense's objection to the
            State's opening statement.

34          Court overruled Defense's objection to heresay.

35          Court overruled Defense's objection to State's
            use of hearsay

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the Attorney General, by placing the same in the U.S. Mail, postage prepaid and properly addressed, this _12_ day of September, 2005.

_____
Grady O. Lanier, III (0693-L74G)

11