IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

EDDIE RAY JAMES, JR., #186 013     *

    Petitioner,     *

      v.     * CIVIL ACTION NO. 2:05-CV-957-D

WARDEN JERRY FERRELL, *et al.*,     *

    Respondents.     *

_____

**O R D E R**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Eddie James Ray, Jr. ["Ray"], a state inmate, on July 5, 2005. In the petition, Ray challenges his conviction for unlawful distribution of a controlled substance imposed upon him by the Circuit Court for Covington County, Alabama, on November 24, 2004. In their answer filed with this court on November 3, 2005, Respondents assert that Ray has failed to exhaust state remedies with respect to the claims now pending before this court. Specifically, Respondents maintain that Ray's direct appeal of his conviction is currently pending before the Alabama Court of Criminal Appeals. (Doc. No. 9 at pgs. 2-4 and Exhs. 1, 2.)

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(1)(b)(1)(A). Upon review of the pleadings filed in this case, it appears that Ray has not yet exhausted his available state court remedies with respect to each of the claims presented in his petition for habeas corpus relief. This court does not deem it

appropriate to rule on the merits of Ray's claims without first requiring that he exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Moreover, it does not appear that a stay of this case is warranted pending the outcome of Ray's direct appeal proceedings as there is nothing before this court which indicates that good cause exists for his failure to exhaust his claims first in state court. *See Rhines v. Weber*, ___U.S. ___, 125 S.Ct. 1528, 1535 (2005). Accordingly, it is

**ORDERED** that on or before November 18, 2005 Ray shall show cause why his petition should not be dismissed for failure to exhaust state remedies.

Done this 4th day of November 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE