IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| EDDIE RAY JAMES, JR., #186 013 | * |
| Petitioner, | * |
| v. | * CIVIL ACTION NO. 2:05-CV-957-D |
| | (WO) |
| WARDEN JERRY FERRELL, *et al.*, | * |
| Respondents. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Eddie James Ray, Jr. ["Ray"], a state inmate, on July 5, 2005.  In the petition, Ray challenges his conviction  for unlawful distribution of a controlled substance imposed upon him by the Circuit Court for Covington County, Alabama, on November 24, 2004. In their answer filed with this court on November 3, 2005, Respondents assert that Ray has failed to exhaust state remedies with respect to the claims now pending before this court. Specifically, Respondents maintain that Ray's direct appeal of his conviction is currently pending before the Alabama Court of Criminal Appeals.  (Doc. No. 9 at pgs. 2-4 and Exhs. 1, 2.)  The court afforded Petitioner an opportunity to show cause why his petition should not be dismissed.  (Doc. No. 10.)  Petitioner has filed no response and the time for filing a response has now expired.

**DISCUSSION**

The law is clear that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . ." 28 U.S.C. § 2254(1)(b)(1)(A). *See Rose v. Lundy*, 455 U.S. 509 (1982) (before a petitioner may file a petition seeking habeas relief in federal court, he/she must exhaust each claim presented to the federal court through remedies available in state court). This exhaustion requirement is satisfied by seeking review of the claim(s) in the highest state court with jurisdiction to consider the claim. 28 U.S.C. § 2254(b) and (c).

It is clear from the pleadings before the court that Petitioner has not yet exhausted his available state court remedies with respect to each claim presented in the instant habeas petition. This court does not deem it appropriate to rule on the merits of Petitioner's claims for relief without first requiring that he exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Both comity and judicial efficiency make it appropriate for this court to insist on complete exhaustion before it addresses the issues raised by Petitioner. *See Granberry v. Greer*, 481 U.S. 129 (1987).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Petitioner can pursue his available state court remedies.

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition

for habeas corpus relief be DISMISSED without prejudice to afford Petitioner an opportunity

to exhaust all available state court remedies.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said

Recommendation on or before **January 3, 2006**. Any objections filed must specifically

identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous,

conclusive or general objections will not be considered by the District Court. The parties are

advised that this Recommendation is not a final order of the court and, therefore, it is not

appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981.

Done this 20th day of December 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE